CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 2 9 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JESSIE PAGANS ROJAS, )
) Civil Action No. 7:13CV00353
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, ) By: Hon. Glen E. Conrad
) Chief United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Jessie Pagans Rojas, was born on February 5, 1984. While Mrs. Rojas did not complete high school, she later earned a GED. Plaintiff has worked primarily as an administrative assistant for a door manufacturer. The Administrative Law Judge noted that, as performed by plaintiff, this work role sometimes required medium exertion. (TR 21). Apparently, Mrs. Rojas last worked on a regular and sustained basis in 2009. On December 14, 2009, plaintiff filed an

application for a period of disability and disability insurance benefits. Mrs. Rojas alleged that she became disabled for all forms of substantial gainful employment on February 9, 2009, due to fibromyalgia, anxiety panic attacks, and arthritis. She now maintains that she has remained disabled to the present time. The record reveals that Mrs. Rojas met the insured status requirements of the Act through the second quarter of 2010, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment, within the meaning of the Act, on or before June 30, 2010. See generally, 42 U.S.C. §§ 423(a).

Plaintiff's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 26, 2012, the Law Judge also determined that Mrs. Rojas was not disabled. The Law Judge found that plaintiff suffered from severe impairments, including lumbar spine pars defect, fibromyalgia, headaches, left trochanteric bursitis, sleep disturbance, and anxiety. (TR 15). Nevertheless, the Law Judge ruled that, at all relevant times, plaintiff retained residual functional capacity to perform a limited range of light exertional activity. The Law Judge assessed Mrs. Rojas' residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with the following exceptions. The claimant required the option to alternate position between sitting and standing at least every 30 minutes. She could not have exposure to hazards. She could only perform occasional climbing, balancing, stooping, crouching, crawling and kneeling. She needed to avoid concentrated exposure to excessive noise and excessive vibration. She could not perform complex tasks, or perform production rate or pace work with strict production standards. Due to anxiety with panic attacks, she needed to avoid crowds.

2

(TR 18-19). Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that plaintiff retained sufficient functional capacity to return to her past relevant work as an administrative assistant. Accordingly, the Law Judge ultimately concluded that Mrs. Rojas was not disabled on or before June 30, 2010, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Rojas has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Rojas has suffered from a back problem for many years. In 2008, an x-ray was said to reveal first degree forward displacement of L5 on S1 with probable pars defects of L5. She has also been treated for left trochanteric bursitis. While these conditions have caused plaintiff much discomfort, the medical record confirms that these musculoskeletal difficulties did not constitute or contribute to an overall

3

disability. However, Mrs. Rojas also suffered from fibromyalgia, as well as related headaches, sleep disturbance, and anxiety. Mrs. Rojas has been treated for this condition by Dr. Joseph Lemmer, a rheumatologist, who diagnosed fibromyalgia for the first time on May 13, 2009. Dr. Lemmer has seen Mrs. Rojas on several occasions since the initial diagnosis. On March 22, 2012, Dr. Lemmer submitted an assessment of plaintiff's physical ability to do work-related activities. Stated succinctly, the rheumatologist produced findings which indicate that Mrs. Rojas is totally disabled due to pain and fatigue. (TR 646-49). Dr. Lemmer specifically indicated that plaintiff's condition had existed at the same level of severity since at least February 9, 2009, the plaintiff's alleged disability onset date. (TR 649).

The Administrative Law Judge determined to accord Dr. Lemmer's medical assessment "little weight." (TR 20). The Law Judge noted that Dr. Lemmer only saw Mrs. Rojas on a few occasions prior to the termination of insured status. The Law Judge observed that Dr. Lemmer's clinical notes in the earlier treatment sessions do not reflect severe and debilitating symptoms. More tellingly, the Law Judge correctly noted that physical examinations completed by emergency room physicians just before and immediately after June 30, 2010, revealed unremarkable clinical findings and symptomatology.

The court must agree that the Law Judge's assessment is consistent with the medical evidence in this case. Other than for Dr. Lemmer's cryptic comments in the later medical assessment, there is simply no evidence which supports the notion that Mrs. Rojas had become totally disabled on or before June 30, 2010.

In denying plaintiff's application, the Law Judge also relied on testimony from a vocational expert. The Law Judge posed a hypothetical question which included the combination of exertional

and nonexertional impairments reflected in the Law Judge's findings as to residual functional capacity. In response, the vocational expert testified that plaintiff could have been expected to work in her past job as an administrative assistant, even assuming that she required a "sit/stand option." (TR 51-53). The Administrative Law Judge recognized that plaintiff's testimony suggested that some of her past work required medium exertion. (TR 52). In response, the vocational expert noted that some office jobs do not require the same level of physical activity, and that plaintiff could have been expected to perform such work on a sustained basis. (TR 52-53). It appears to the court that the expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence in the case. The court concludes that the Law Judge properly relied on the vocational expert's testimony in determining that Mrs. Rojas retained sufficient functional capacity to perform past relevant work at all times prior to the termination of insured status.[1] It follows that the Law Judge's opinion denying entitlement is supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed.

On appeal to this court, plaintiff emphasizes that Dr. Lemmer specifically determined that plaintiff's fibromyalgia had reached a disabling of severity prior to the termination of insured status. Mrs. Rojas notes that Dr. Lemmer is a board certified rheumatologist who provided regular medical treatment, thus enhancing the weight to be accorded to his opinion under 20 C.F.R. § 404.1527. However, as outlined above, the court believes that the Law Judge's reasoning as regards Dr. Lemmer's opinion is fully consistent with the medical record. Simply stated, during his office visits

---

[1] It is now well settled that, in determining whether a claimant can perform past relevant work at the fourth step of the sequential disability analysis, it is appropriate to consider the requirements of the job as it is generally performed in the national economy, or the actual requirements of the particular job which the claimant previously performed. Social Security Ruling 82-61; Pass v. Chater 65 F.3d 1200, 1207 (4th Cir. 1995).

5

with Mrs. Rojas in May, July, and November of 2009, Dr. Lemmer did not report any significant physical limitations, despite noting tender points consistent with fibromyalgia syndrome. At the time of the examination on July 14, 2009, Dr. Lemmer related that plaintiff's condition was improved. (TR 297). While plaintiff's complaints had worsened by the time of examination on November 16, 2009, Dr. Lemmer felt that Mrs. Rojas might benefit from stretching exercises. (TR 294). On that same day, the rheumatologist noted that plaintiff declined tender point injections. (TR 294).

In this context, the court also believes that the Administrative Law Judge reasonably relied on hospital emergency room reports that were completed just before and immediately after termination of insured status. For example, when treating Mrs. Rojas for flu-like symptoms on March 5, 2010, Dr. Karl H. Kletzing specifically noted that plaintiff was "negative for myalgias, neck pain, back pain, joint pain, and falls." (TR 332). Mrs. Rojas also sought emergency room treatment on September 28, 2010. On that occasion, she was found to possess a normal range of motion with no neurological symptoms. (TR 375).

The court generally believes that reports from treating medical specialists, such as Dr. Lemmer, are very compelling. However, in this case, Dr. Lemmer's crucial opinion was rendered many months after the termination of plaintiff's insured status. While the Administrative Law Judge clearly recognized that such an opinion could relate back to the period in which plaintiff still enjoyed insured status, see Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005); Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987); and Moore v. Finch, 418 F.2d 1224, 1226 (4th Cir. 1969); the Law Judge relied on elements from Dr. Lemmer's earlier reports, as well as observations by other examining physicians, in concluding that Mrs. Rojas failed to meet the burden in establishing disability on or before June 30, 2010. Although the court might have resolved the conflict in the

6

evidence differently, the court must conclude that there is substantial evidence to support the Law Judge's disposition.

Mrs. Rojas also contends that the Law Judge failed to accord proper weight to plaintiff's testimony, and statements given by her husband, as regards her capacity for substantial gainful activity. Without question, plaintiff's testimony at the administrative hearing, and statements given by her husband in an adult, third-part function report, indicate that Mrs. Rojas is severely impaired. However, it must again be noted that the reports from the emergency room physicians, generated just before and after termination of insured status, suggest that Mrs. Rojas did not experience any significant musculoskeletal distress. These medical observations obviously took plaintiff's subjective complaints into account. For that matter, the court believes that plaintiff's testimony, and her husband's statements, are inconsistent with the complaints given to Dr. Lemmer at the time of her office visits. Moreover, as noted by Dr. Lemmer, Mrs. Rojas did not choose to pursue all the remedial measures offered by the rheumatologist at the time of the November 2009 office visit. In short, the court finds substantial evidence to support the Law Judge's resolution of the credibility issues in plaintiff's case.

In affirming the final decision of the Commissioner, the court does not suggest that Mrs. Rojas is free of all pain, discomfort, anxiety, and sleeplessness. Indeed, the medical record confirms that plaintiff suffers from a serious condition which can be expected to produce significant physical and emotional complaints. Indeed, it appears that Mrs. Rojas may now suffer from a disabling level of fibromyalgia. However, as to the period prior to termination of insured status, the court believes that the medical record does not document the existence of physical problems which could be expected to produce totally disabling physical and emotional discomfort. It is well settled that the

7

inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the record in the adjudication of plaintiff's claim for benefits. Indeed, the court believes that the Law Judge gave Mrs. Rojas the benefit of the doubt in finding that she required a sit/stand option prior to the termination of insured status. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 29th day of September, 2014.

_____
Chief United States District Judge